IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LEONARD QUINN,

    Plaintiff,

vs.                                                       No. 15-2451-JDT-dkv

WILLIAM ROBILIO and
DR. BUECHELE,

    Defendants.

---

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

---

On July 6, 2015, the plaintiff, Leonard Quinn ("Quinn"), who lists his address as Western Mental Health Institute, Bolivar, Tennessee, filed a *pro se* complaint on a court-supplied form for violation of civil rights under 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued on July 9, 2015, the court granted leave to proceed *in forma pauperis*. (ECF No. 4.) Quinn named William Robbillio,[1] whom he refers to as "Public Defender," and Dr. Buechele, whom he describes as "MMHI 2nd Fl. Medical Dr. on 2nd Fl. 201 Poplar," as defendants. (*See* ECF No. 1.) This case has been referred to the United States Magistrate Judge for management and for all pretrial

---

[1] The correct spelling of the defendant's last name is Robilio, and the clerk is directed to correct the docket sheet to reflect the correct spelling.

1

matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim.

I. PROPOSED FINDINGS OF FACT

This is the second case for violation of civil rights under 42 U.S.C. § 1983 that that Quinn has filed against Robilio this year. The first case, *Quinn v. Robilio*, Case No. 15-2295 (W.D. Tenn. 2015), was dismissed on June 11, 2015 for failure to state a claim upon which relief can be granted on the grounds that Robilio as a public defender does not act under color of state law and Quinn failed to state a plausible claim for violation of a constitutional right. (*Id.,* ECF No. 5, 6.) Quinn did not appeal.

This is also the second case for violation of civil rights under 42 U.S.C. § 1983 that that Quinn has filed against Dr. Buechele. The first case, *Quinn v.*, Case No. 13-2998–JDT-dkv (W.D. Tenn. 2013), was dismissed on January 23, 2014 for failure to state a claim upon which relief can be granted on the grounds that the claim against Dr. Buechele was barred by the statute of limitations. (*Id.,* ECF No. 5, 6.) Quinn did not appeal.

In the present case, Quinn's complaint consists of fourteen rambling handwritten pages, largely incoherent and indecipherable in part. Much of his ramblings are duplicative

2

of his previous complaints against Robilio and Dr. Buechele. Quinn recounts at length, in a confusing manner, the circumstances surrounding his arrest in June of 2012, incidents involving his younger brother Darrell Britton, the condition of his property at 595 Arrington, his appearance in state court before Judge Mark Ward in 2012, and his representation by Robilio in 2012. (Compl., ECF No. 1.) He also claims he was given the wrong medication while detained at 201 Poplar. (Cont. Statement 6, ECF No. 1-1.) Quinn again complains about the amount of the drug Seroquel he is prescribed. (*Id.* at 6.) In his complaint, Quinn makes reference to a Dr. Amed, a Dr. King, a Dr. Gregory, Dr. Buechele, and "the Rabbi Doctor." (*Id.* at 7-9.) The only factual allegation in the complaint involving Dr. Beuchele, is "Dr. Buechele at MMHIS I told him the truth about everything and the same as Robbillio Both of them works for Western Mental Health." (*Id.* at 8.) Finally, Quinn complains that the food is being stored improperly, his "macaroni chees had freezer burns," and "wheat bread hard." (*Id.* at 10.)

In his statement for relief, Quinn asks for the following:

> I need to be highly compensated for being here at Western. 3 Mr meanors $3500 dollar bond and my direct deposit . . . on my property everything I've told higher authorities at trial. Then everything stolen checking out . . . my older brother Calvin Quinn purchased my home and told my neighbors while I'm at Western to keep my mail they've done so You can visually seen as of June 12th.

3

(Compl. ¶ V, ECF No. 1.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. 28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

   (i)   is frivolous or malicious;

   (ii)  fails to state a claim on which relief may be granted; or

   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

### B. Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true,

the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). "A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or

5

> delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 Fed. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are

properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  Quinn's Claim Under 42 U.S.C. § 1983

Quinn brings this second claim against Robilio and Dr. Beuchele again under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

42 U.S.C. § 1983. It provides a method of seeking redress of deprivation of federal constitutional rights and federal statutory rights. *Albright v. Oliver*, 510 U.S. 266 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) First, that the defendant acted under color of state law, and (2) a deprivation of rights secured by the United States Constitution or federal statutory law. *Fritz v. Charter Twp. of Cornstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Quinn's complaint in the present case against Robilio suffers from the same infirmities that Quinn's previous

7

complaint against Robilio did. The law is clear that a public defender does not act under color of state law for purposes of a § 1983 action when serving as counsel for a defendant in a criminal proceeding even thought his was appointed by the state court. *West v. Atkins*, 487 U.S. 42, 50 (1988); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Mulligan v. Schlacter*, 389 F.2d 231, 233 (6th Cir. 1968); *Milstead v. Bedford Cnty.*, 2014 WL 420395, at *4 (E.D. Tenn. Feb. 4, 2014). Thus, Quinn's claim against Robilio does not satisfy the under color of state law requirement. In addition, there are no plausible factual allegations about a violation of a constitutional right by either Robilio or Dr. Buechele. Accordingly, Quinn has failed to plead the second element of a § 1983 claim.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* for failure to state a claim, pursuant to a pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), and judgment be entered for the defendants.

Respectfully submitted this 17th day of July, 2015.

                                          s/Diane K. Vescovo
                                          DIANE K. VESCOVO
                                          CHIEF UNITED STATES MAGISTRATE JUDGE

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file

written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. F̴ED. R. C̴IV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.